# CHARLESTON.

G. W. Lucado *et al. v.* S. D. Lester *et al.*

(No. 6176)

Submitted April 17, 1928.     Decided April 24, 1928.

1. TENANCY IN COMMON—*Although Owner in Common of Personal Property May Dispose of Individual Share, He Cannot Sell Whole or Any Portion Except His Own.*

     While an owner in common of personal property has a right to dispose of his own individual share, he cannot sell the whole of the property, nor any portion thereof except his own. (p. 495.)

     Tenancy in Common, 38 Cyc. p. 108.)

2. SAME—*Owner in Common of Personal Property, of Which Each Owner May Have Equal Possession and Use, is Entitled to Any Use Not Inconsistent With Rights of Others; Rights of Owner in Common to Take Electricity From Power Line Held Improperly Limited to Particular Connection Used by Assignor.*

     Where the character of personal property is such that each

of the owners in common thereof may have equal possession and use of the same without interferring with the use or rights of any of the other co-owners, he is entitled to any use thereof not inconsistent with the rights of the others and imposing no burdens or liabilities on them. (p. 496.)

(Tenancy in Common, 38 Cyc. pp. 17, 18.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mercer County.

Suit by G. W. Lucado and others against S. D. Lester and another for an injunction. From a decree below, defendants appeal.

*Reversed; cause remanded.*

*H. E. De Jarnette,* for appellants.

MILLER, PRESIDENT:

In the year 1920, four of the five plaintiffs, together with W. R. Ramsey and J. W. Caldwell, secured from the Princeton Power Company the right to obtain electricity for lighting purposes from its transmission lines, and constructed a line of wire from the company's line to the neighborhood where they lived, and connected the same with their respective houses. It seems that Ramsey had charge of and superintended the construction of the line, and that each of the six parties interested contributed one-sixth of the cost. Later, the plaintiff Trump was admitted to membership in the undertaking, by mutual consent of all the parties, upon payment by him of what was considered his share of the value of the line. In 1925 Ramsey undertook to sell to the defendants, Mrs. S. D. Lester and W. J. Lester, for the consideration of twenty dollars, a share in the line. Thereupon the defendants connected with the line and began the use of electricity therefrom. Upon the plaintiff's bill praying that defendants be restrained and inhibited from taking electric current from the said line, and that they be compelled to sever the connection, the circuit court entered an order granting the relief prayed for. Later, the defendants purchased from Ramsey

his interest in the line, and set up this fact in their answer to the bill.

From the evidence it appears that Ramsey's residence first attached to the electric line in question was destroyed by fire, and that Ramsey has left the community. At the present time he owns a building, a part of which is used as a store room, and part as a residence, in which electricity from the line is used by the tenants. The defendant W. J. Lester holds a lease on this building from Ramsey. On the bill, answer, and depositions filed by the parties, the circuit court held that the defendants took nothing under their first contract with Ramsey, but that Ramsey's sale of his interest vested in W. J. Lester an equal interest with the other owners, and "that he is entitled to connect wires with the said line and receive current therefrom for domestic purposes in and about his home and property at the village of Ada. It appearing to the court that the connection with the said line heretofore enjoyed by the said W. R. Ramsey is not now in use, it is adjudged, ordered and decreed that the said W. J. Lester be permitted to connect with the said line of said Ramsey and receive current for his home property, but that he is not entitled to receive and use current for the property rented from W. R. Ramsey in addition thereto."

The plaintiffs have not appealed from this decree, and assign no error therein. The defendants contend; first, that their contract with Ramsey, and payment of twenty dollars to him, entitle them to an interest in the common enterprise; and, second, that the circuit court erred in limiting their use of the line to a connection on the branch which Ramsey had used; that their interest purchased from him entitles them to attach their connection to any part of the wires originally constructed by all the parties.

As to the first proposition, there is no evidence tending to show that Ramsey had authority to take into the enterprise new members. The plaintiff Trump was admitted by common consent, and all have acquiesced in his use of the line. While it is true that Ramsey managed and superintended the construction of the line, it does not appear that he had further control of the property. There was no contract between the

original parties, and no organization providing for officers or a manager of the common property. The current supplied to each consumer was measured by a separate meter, and the consumers paid the power company direct for the amount consumed, as thus measured. By the contract relied on, Ramsey undertook to sell the defendants a part of the interest of each of the seven common owners. It is clear that he had no right to sell more than his own interest. While an owner in common of personal property has a right to dispose of his own individual share, he can not sell the whole thereof, nor any portion except his own, 7 R. C. L., 886; Schouler on Personal Property, (5th ed.), section 163. It is said that the plaintiffs should have offered to return to defendants the twenty dollars paid to Ramsey. There is no evidence that they ever received any part of it, or of what disposition was made of it after it came into Ramsey's hands.

On the second proposition advanced by defendants, that by their purchase of Ramsey's interest, they should have the right to take electric current from any point on the line that they desired: There being no contract or by-laws defining the rights of the parties contributing to the cost of the line, it would appear that they are owners in common of the property. The fact that two or more persons are joint owners or owners in common of property does not of itself make them partners. 3 Page on Contracts, (2nd ed.), section 1692; 2 Rowley on the Modern Law of Partnership, section 828; Parsons on Partnership, (4th ed.), section 76. The plaintiffs have not appealed, and do not assign error in the decree of the lower court, nor deny the right of Ramsey to sell his interest in the line.

What right, then, did defendants acquire by their purchase? Where one of the common owners of personal property is in possession making rightful use of it, the only legal right of another common owner is to take possession of it when he can without resorting to force, in the absence of some agreement as to its use. Where the property is of such nature that it is susceptible of division among the co-owners, the courts may decree a division, as in the case of grain, hay, crops, and the like. Schouler on Personal Property, (5th

ed.), section 165. In the present case it is clear, from the nature of the property involved, that each of the co-owners may make use of the common property without conflict with the use by any of the other. It may be said that all are in possession; and the possession and use of the property by one, or any number, does not interfere with the use by the others. Since the rule is that any co-owner of common property has the legal right to make such use of the property as he sees fit, even to the exclusion of all others, if necessary, would it not follow that one has the right to use such property in any manner not inconsistent with the use of the others, when all are in possession? It is not contended that the use by defendants will in any way interfere with the use of the plaintiffs, or in any way place a greater burden of liability on them. In view of the nature of the property involved, and the rules applicable to the use of personal property by owners in common, we are of opinion that the circuit court erred in limiting the use of defendants to the particular connection formerly used by their assignor, Ramsey.

The decree appealed from will be reversed.

*Reversed; cause remanded.*